## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-19-009 |
| TIAYON KARDELL EVANS, | * | |
| Defendant. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

### MEMORANDUM ORDER

Following a two-day bench trial before the Honorable Raymond A. Jackson of the United States District Court for the Eastern District of Virginia, Defendant Tiayon Evans ("Defendant" or "Evans") was found guilty of seven counts of drug offenses involving cocaine base and heroin under 21 U.S.C. §§ 841 and 846 and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *United States v. Tiayon Evans*, 2:04-cr-99-RAJ, (E.D. Va. Sept. 14, 2004). On January 18, 2005, Judge Jackson sentenced Evans to 240 months in prison and imposed a term of five years of supervised release. Judgment, *United States v. Tiayon Evans*, 2:04-cr-99-RAJ, (E.D. Va. Jan. 31, 2005). On August 18, 2008, Judge Jackson reduced Evans' sentence to 204 months in prison. Order, *United States v. Tiayon Evans*, 2:04-cr-99-RAJ, (E.D. Va. Aug. 8. 2008). Evans was released from federal prison on November 13, 2018.  In December 2018[1], Judge Jackson and Chief Judge James K. Bredar of this Court signed an Order authorizing the

---

[1] Judge Jackson signed the Order on December 4, 2018 and Chief Judge Bredar signed the Order on December 6, 2018. (ECF No. 1.)

transfer of jurisdiction over Evans' case to the United States District Court for the District of Maryland. (ECF No. 1.) Presently pending are Evans' Motion to Dismiss for Lack of Jurisdiction (ECF No. 17), Expedited Motion for Order to Show Cause (ECF No. 21), Motion to Dismiss the Petition on Supervised Release (ECF No. 28), and Motion for Inclusion of Exhibit into Evidence (ECF No. 30). No hearing is necessary to resolve these motions. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Evans' Motion to Dismiss for Lack of Jurisdiction (ECF No. 17) is DENIED; his Motion for Order to Show Cause (ECF No. 21) is DENIED AS MOOT; his Motion to Dismiss the Petition on Supervised Release (ECF No. 28) is GRANTED IN PART AND DENIED IN PART; and his Motion for Inclusion of Exhibit into Evidence, construed as a Motion for Judicial Notice, (ECF No. 30) is GRANTED.

**BACKGROUND**

In December 2018, Judge Raymond A. Jackson of the United States District Court for the Eastern District of Virginia and Chief Judge James K. Bredar of this Court signed an Order authorizing transfer of jurisdiction over Defendant Evans' criminal case to the United States District Court for the District of Maryland from the United States District Court for the Eastern District of Virginia. (ECF No. 1.) On May 4, 2020, Evans filed a motion to dismiss this criminal case for lack of jurisdiction. (ECF No. 17.) On June 28, 2021, the United States Probation Office for the District of Maryland filed a Petition on Supervised Release alleging three violations of both discretionary and statutory conditions of supervised release. (ECF No. 22.) Violation 1 alleged that Evans did not allow his probation officer to visit him in person, in violation of a discretionary condition of supervised release. Violation

2

2 alleged that in or about June 1, 2019, Evans committed the offense of "Theft: $100 to Under $1,500 . . . ," in violation of a statutory condition of supervised release (ECF No. 22 at 2.) Violation 3 alleged that Evans failed to return to the District of Maryland as instructed on April 6, 2020 in violation of a discretionary condition of supervised release. (*Id.*)

On August 23, 2021, Evans filed a Motion to Dismiss the Petition on Supervised Release on the grounds that the discretionary conditions of supervised release were not orally pronounced at his sentencing in 2005. (ECF No. 28.) On October 27, 2021, this Court held a hearing on the Petition on Supervised Release. This Court directed the Government to respond to Evans' Motion to Dismiss the Petition and continued the hearing to a later date. This Court also advised Evans that though he had discharged the services of the Office of the Federal Public Defender for the District of Maryland, this Court would appoint him counsel pursuant to the Criminal Justice Act to represent him in this matter. (ECF No. 32.) Evans has indicated that he wishes to proceed *pro se*. In response to this Court's request for more detail as to Violation 2 in the Petition, the United States Probation Office filed an amended Petition. (ECF No. 36.) The Government has also responded to Evans' Motion to Dismiss the Petition. (ECF No. 37.) This Court has set a date for a hearing in this matter on January 6, 2022 at 2:00 p.m.

## ANALYSIS

### I.    Motion to Dismiss for Lack of Jurisdiction

The Defendant argues that this Court does not have jurisdiction over his criminal case because the Order transferring the case to this Court from the United States District Court for the Eastern District of Virginia did not bear the seal of the transferring court.

3

(ECF No. 17.) This argument is meritless. 18 U.S.C. § 3605 provides that a court, "after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. . . . A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter . . . ." The Defendant cites to no instance in which a court has found that an order transferring jurisdiction over a criminal case pursuant to 18 U.S.C. § 3605 must bear the seal of the transferring court to confer jurisdiction on the transferee court. Accordingly, the Motion to Dismiss for Lack of Jurisdiction (ECF No. 17) is DENIED. The Defendant's Expedited Motion for Order to Show Cause seeks to compel a response to the Motion to Dismiss for Lack of Jurisdiction. Therefore, the Expedited Motion for Order to Show Cause (ECF No. 21) is DENIED AS MOOT.

## II.    Motion to Dismiss the Petition on Supervised Release

The Defendant has also filed a Motion to Dismiss the Petition on Supervised Release. (ECF No. 28.) The Defendant argues that the conditions he is alleged to have violated were never orally pronounced at his sentencing and are thus nullities according the United States Court of Appeals for the Fourth Circuit's holding in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). (ECF No. 28 at 2-3.) The Government concedes that two of the three alleged violations relate to conditions that were not orally pronounced at the Defendants' sentencing and agrees that those alleged violations must be dismissed. (ECF No. 37 at 2.) The Government argues, however, that Violation Number 2 in the Petition (ECF No. 36 at 2)

relates to a mandatory condition of supervised release required under 18 U.S.C. § 3583(d) and is for that reason properly before this Court. (ECF No. 37 at 2.)

In *Rodgers*, the Fourth Circuit held that a district court is "required to orally pronounce the discretionary conditions" of supervised release at sentencing. *United States v. Rogers*, 961 F.3d 291, 297 (4th Cir. 2020). However, the Fourth Circuit "join[ed] in the consensus view that a district court's failure to announce conditions of supervised release made mandatory by statute does not render those conditions nullities." *Id.* (internal citations omitted). In this case, Violations 1 and 3 of the Petition (ECF No. 36) allege violations of discretionary conditions of supervised release that were not orally pronounced at the Defendant's sentencing.[2] Violation 2, however, alleges a violation of a statutory condition of supervised release under 18 U.S.C. § 3583(d): that the defendant shall "not commit another Federal, State, or local crime during the term of supervision . . . ." Accordingly, the Defendant's Motion to Dismiss the Petition on Supervised Release is GRANTED IN PART and DENIED IN PART. Specifically, Violations 1 and 3 are DISMISSED. Violation 2 remains pending before this Court and will be addressed at a hearing on January 6, 2022 at 2:00 p.m.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 23rd day of December 2021, that Defendant Evans' Motion to Dismiss for Lack of Jurisdiction (ECF No. 17) is

---

[2] This Court has reviewed the transcript of the Defendant's sentencing hearing. (ECF No. 28-1.) The Defendant has also filed separately a page that was missing from the initial transcript and has requested that this Court take judicial notice of it in connection with this matter. (ECF No. 30.) This Court GRANTS the Defendant's Motion for Inclusion of Exhibit into Evidence, which is construed as a Motion for Judicial Notice.

DENIED; his Motion for Order to Show Cause (ECF No. 21) is DENIED AS MOOT; his

Motion to Dismiss the Petition on Supervised Release (ECF No. 28) is GRANTED IN

PART AND DENIED IN PART; and his Motion for Inclusion of Exhibit into Evidence,

construed as a Motion for Judicial Notice, (ECF No. 30) is GRANTED. Specifically,

Violations 1 and 3 of the Petition (ECF No. 36) are DISMISSED. Violation 2 of the Petition

(ECF No. 36) remains pending before this Court and will be addressed at a hearing on

January 6, 2022 at 2:00 p.m.


_____/s/_____
Richard D. Bennett
United States District Judge