IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-19-009 |
| TIAYON KARDELL EVANS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

By Memorandum Order dated December 23, 2021 (ECF No. 39), this Court denied the *pro se* Defendant Tiayon Kardell Evans' ("Defendant" or "Evans") Motion to Dismiss for Lack of Jurisdiction. Currently pending before this Court is Defendant's Motion for Reconsideration on Motion to Dismiss for Lack of Criminal Subject Matter Jurisdiction (ECF No. 41).

The Defendant argues that this Court should reconsider its prior ruling to prevent a manifest injustice because this Court did not address the Defendant's contention that 28 U.S.C. § 1691 requires that an order transferring jurisdiction over a criminal case under 18 U.S.C. § 3605 must bear the seal of the transferring court. This Court did consider that argument and concluded that it is meritless. 28 U.S.C. § 1691 provides that "[a]ll writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." As this Court noted in its Memorandum Order, "the Defendant cites to no instance in which a court has found that an order transferring jurisdiction over a criminal case pursuant to 18 U.S.C. § 3605 must bear the seal of the transferring court to

confer jurisdiction on the transferee court." (ECF No. 39 at 4.) Defendant has still cited no such instance.

Even assuming that an order transferring jurisdiction pursuant to 18 U.S.C. § 3605 requires the seal of the transferring court to have legal effect, the Transfer of Jurisdiction in this case nonetheless satisfies the statutory requirements. The Transfer of Jurisdiction is signed by both Judge Jackson and Judge Bredar, and it is signed by a deputy clerk of the United States District Court for the Eastern District of Virginia and attested to by that clerk as a true copy. (ECF No. 1.) It is also stamped by the Clerk's office of the United States District Court for the District of Maryland. (ECF No. 1.) As the United States Court of Appeals for the Sixth Circuit has held, even assuming that the order in question is "writs and process" within the meaning of § 1691, the statutory requirements are met where the order is signed by the clerk and attested to as a true copy. *See In re Campbell*, 761 F.2d 1181, 1185 (6th Cir. 1985). Accordingly, the Defendant is not entitled to reconsideration of this Court's prior Memorandum Order, and the Defendant's Motion for Reconsideration (ECF No. 41) is DENIED.

## CONCLUSION

For the reasons stated above, it is this 6th day of January, 2022, ORDERED that the Defendant's Motion for Reconsideration (ECF No. 41) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge